IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

KRIS S. KISER

    Plaintiff,

v.                                        CIVIL ACTION NO.: 17-C-298-3
                                               JUDGE: Matish

INDIANHEAD PIPELINE SERVICES, LLC
and PRECISION PIPELINE LLC

    Defendants.

# COMPLAINT

COMES NOW the Plaintiff, KRIS S. KISER by and through his undersigned counsel, KENNETH P. HICKS, L.C., who, for his Complaint, alleges and states as follows:

**PARTIES**

**I.**

The Plaintiff, KRIS S. KISER is and was at the time of the incident herein complained of herein, a resident and citizen of Huntington, Cabell County, West Virginia.

**II.**

Defendant, Indianhead Pipeline Services, LLC, (hereinafter referred to as INDIANHEAD") is and was at the time of the incident herein complained of, a corporation authorized and doing business in Salem, Harrison County, West Virginia. Defendant, INDIANHEAD's principle place of business is located at 13167 County Hwy OO, Chippewa Falls, WI 54729. At the time of the incident complained of herein, Plaintiff, Kris S. Kiser, was engaged in the business of his employer, INDIANHEAD, and was in the performance of his work duties. INDIANHEAD was a subcontractor of general contractor Defendant,



Precision Pipeline LLC, at the time of Plaintiff's injury.

### III.

Defendant, Precision Pipeline, LLC ("PRECISION"), is and was at the time of the incident herein complained of, a corporation and/or business entity authorized and doing business in, Harrison County, West Virginia, with a principle place of business located at 3314 56th Street, Eau Claire, WI.

### JURISDICTION AND VENUE
### IV.

The negligent and other described acts complained of occurred in Harrison County, West Virginia.

### COUNT ONE
### NEGLIGENCE
### V.

1. At all times pertinent hereto, Plaintiff, KRIS S. KISER, while in the course of and in furtherance of his employment activities with Defendant INDIANHEAD, was called upon to perform work upon the right-of-way road built, graded and maintained for contractors and employees using the aforesaid right-of-way road by co-Defendant, PRECISION. Plaintiff, KRIS S. KISER's, job duties included operating a piece of machinery known as a Morooka.

2. On or about September 19, 2015, Plaintiff, KRIS S. KISER, while performing the above-referenced work duties, was subjected to such hazardous, unsafe and dangerous conditions as to cause him to be seriously injured when the overweight Morooka slipped off the edge of the temporary and rolled over multiple times to the bottom of the mountain some 110 feet.

3. On or about September 19, 2015, Plaintiff, KRIS S. KISER, while performing the above-referenced work duties, was asked to run the overweight and dangerous Morooka in an improperly graded area and without enough room for two Morookas to operate, pass or travel the aforesaid right-of-way as instructed by INDIANHEAD. Said access road and working conditions were created, maintained and in the direct control of co-Defendants, INDIANHEAD and PRECISION. As a result of being placed in the dangerous working condition, the Plaintiff, KRIS S. KISER was caused to be seriously injured about his body and mind, as a proximate result of the aforementioned activities. PRECISION caused the Morooka to be modified whereby it was made more dangerous to operate and prone to rollovers because of the water tank weight and location on the Morooka. PRECISION failed to properly provide for a safe work area for the Morooka to be operated.

4. Plaintiff, KRIS S. KISER, believes and asserts that the haul road/right-of-way upon which he was injured while operating the aforesaid Morooka was controlled by, and under the direct supervision and/or control of co-Defendant, PRECISION and that traveling conditions upon the right-of-way road which ultimately caused the injuries suffered by him on September 19, 2015.

5. Plaintiff, KRIS S. KISER, further asserts that co-Defendant, PRECISION, negligently and carelessly maintained, inspected and/or provided the defective premises where the Plaintiff was working, which ultimately led to the serious and debilitating injuries suffered by the Plaintiff, KRIS S. KISER. It was foreseeable that the right-of way conditions and overloading the Morooka on uneven terrain would cause the Morookas to rollver as was done in the instant case involving the Plaintiff.

6. Co-Defendant, PRECISION, owed to Plaintiff, KRIS S. KISER, a business invitee, the duty to exercise reasonable care in providing a safe work area and environment to perform their work activities in the operation of their required equipment so as to not injure the Plaintiff, or other business invitees. The, co-Defendant, PRECISION, through and by its employees, agents, representatives and/or assigns, breached their statutory and legal duties of care and Plaintiff, KRIS S. KISER, was seriously injured by the negligent acts and/or omissions to act by the co-Defendants, PRECISION and INDIANHEAD.

7. As a proximate result of the foregoing, Plaintiff, KRIS S. KISER, suffered the following injuries and damages:

    a. serious personal injuries of a permanent and indefinite duration;

    b. pain and suffering, physical and mental, past, present and future;

    c. loss of enjoyment of life, past, present and future;

    d. loss of capacity to earn an income, and perform household and other related duties, past, present and future; and

    e. Past, present and future medical expenses of a sum which can be made certain; and are reasonably certain to occur.

Plaintiff, KRIS S. KISER, will continue to suffer from these injuries into the indefinite future.

## COUNT TWO - DELIBERATE INTENT

Plaintiff, realleges and reincorporates each and every allegation contained in numbered paragraphs 1 through 7 above as if set out verbatim herein.

8. On or about September 19, 2015, Plaintiff, KRIS S. KISER, was in the course of

his employment duties with INDIANHEAD, while performing the duties outlined above upon the temporary road and right-of-way prepared by co-Defendants PRECISION and INDIANHEAD, through or by their agents, representatives and/or employees, and knowingly caused Plaintiff, KRIS S. KISER, to work in an unsafe, improper and dangerous condition.

9. Defendant, INDIANHEAD, by and through its agents, employees, and/or servants, acted with a conscious, intentional and deliberate intention to produce the specific result of injury or death to an employee (i.e., Plaintiff, KRIS S. KISER).

10. In the alternative, the Defendant violated W. Va. Code §23-4-2(d)(ii) as follows:

    i. Defendant, INDIANHEAD allowed a specific unsafe working condition to exist in the workplace of Plaintiff, KRIS S. KISER as described above which presented a high degree of risk and a strong probability of serious injury or death;

    ii. Defendant, INDIANHEAD had actual knowledge prior to the injury of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

    iii. That said specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, of a commonly accepted and well-known safety standard within the industry or business of the Defendant, INDIANHEAD which statutes, rules, regulations, or standards were specifically applicable to the

particular work and working condition involved at the time of Plaintiff's injury herein complained of;

  iv. That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive of this paragraph, INDIANHEAD nevertheless intentionally thereafter exposed KRIS S. KISER to the specific unsafe working conditions; and

  v. That KRIS S. KISER was exposed and suffered serious compensable injuries.

11. As a proximate result of the above, Plaintiff, KRIS S. KISER, suffered the following injuries and damages:

  a. serious personal injuries of a permanent and indefinite duration;

  b. pain and suffering, physical and mental, past, present and future;

  c. loss of enjoyment of life, past, present and future;

  d. loss of capacity to earn an income, and perform household and other related duties, past, present and future;

  e. Past, present and future medical expenses of a sum which can be made certain;

  f. Past, present and future medical expenses which are reasonably certain to occur; and,

12. Plaintiff, KRIS S. KISER, will continue to suffer from these injuries into the indefinite future.

**WHEREFORE,** Plaintiff, KRIS S. KISER, demands judgment against these Defendants, jointly and severally in an amount which will fully compensate him for his aforesaid injuries, along with pre-judgment and post-judgment interest, court costs, such further sums as the Court may deem reasonable for attorney fees for services in this action; and for such other relief as this Court deems proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.

**KRIS S. KISER**

By Counsel

*[signature]*

Kenneth P. Hicks, Esquire (WV Bar #5063)
KENNETH P. HICKS, L.C.
742 Fourth Avenue
Huntington, WV 25701
Telephone: (304) 525-3201
Facsimile: (304) 525-4700
*Counsel for Plaintiff*

## AFFIDAVIT PURSUANT TO W.Va CODE §23-4-2

STATE OF WEST VIRGINIA,

COUNTY OF CABELL, to-wit

I, James D. McIntosh, CIH, CSP, hereby affirm and say as follows:

- I have a B.S. in Engineering Technology from Fairmont State University and an M.S.E. in Industrial Engineering/ Occupational Safety & Health, West Virginia University

- I am a Certified Industrial Hygienist by the American Board of Industrial Hygiene, certification number 5377.

- I am a Certified Safety Professional by the Board of Certified Safety Professionals, certification number 13258.

- I am currently a professor at Marshall University College of Information Technology and Engineering where amongst other activities I develop and teach graduate and undergraduate courses in the following areas: Accident Investigation, Construction Safety, General Industry safety, Industrial Hygiene & Laboratory, Ergonomics, Process Safety Management, ASP/ CSP Workshop, Ventilation, Intro to Safety, Safety Training Techniques, Research and Literature in Safety, Biological / Physical hazards in Industrial Hygiene, OSHA 10 & 30 Hour Construction Safety Courses and Mine Safety Training Technologies.

- I have previously been recognized by the Circuit Courts of the State of West Virginia as an expert in workplace safety and industrial hygiene, and I have knowledge and expertise in the fields of workplace safety statutes, rules, regulations, and consensus industry safety standards.

- I have reviewed some photographs and limited records pertaining to the injury sustained by Mr. Kristin Kiser at the Indianhead Pipeline/Precision Pipeline located in Salem,

Harrison County, West Virginia on September 19, 2015 when he was operating a piece of equipment referred to as a Marooka that slide and then rolled over, free and ultimately crushing him beneath it. I have also taken part in a face-to-face telephone meeting with Mr. Kiser and met with plaintiff's counsel. Mr. Kiser's injury was investigated by OSHA and there are irregularities in the information contained in the OSHA report versus the employer's report of injury or incident report. It is also my understanding that Mr. Kiser was employed by Indianhead Pipeline at the time of his injury.

- In connection to my review and based upon Mr. Kiser's representations and allegations, I identified the following specific unsafe working conditions:

    - Failure to develop work procedures for water transportation and safe passing of equipment in congested areas;
    - Failure to utilize a spotter in a narrow or congested work space;
    - Failure to properly train Mr. Kiser to work while on and/or in a congested work space;
    - Inappropriate modification of the Marooka for the tasks performed.

- The specific unsafe working conditions violated the following safety statutes, rules, and/or consensus industry safety standards:

    - 29 CFR 1926 (OSHA Construction safety standards);
    - ANSI standards (to be determined).

- The specific unsafe working conditions identified herein that were present at the workplace (Indianhead Pipeline) on and prior to the September 19, 2015 incident caused Mr. Kiser to suffer the serious injuries at issue in the Complaint.

- The opinions expressed herein are stated to a reasonable degree of certainty

within my fields of expertise.

- The opinions expressed herein are based wholly on materials available to me at the time I performed my review of this matter.

- I reserve the right to review any document that may later be generated and/or supplied to me, and to supplement or amend the opinions herein as may be appropriate in my professional opinion.

Further this affiant sayeth naught.

_____
James D. McIntosh, CIH, CSP

Taken, subscribed, and sworn to before me this 14 day of September, 2017.

_____
NOTARY PUBLIC

My commission expires: 4/13/201